FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
*   AUGUST 19, 2022   *
BROOKLY OFFICE

MEF:NCG
F. #2022R00514

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

STEVEN MOLINARO,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 22-CR00382
(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2), 924(d)(1), 981(a)(1)(C), 1512(c)(1) and 3551 et seq.; T. 21, U.S.C., §§ 841(b)(1)(D), 846, 853(a) and 853(p); T. 28, U.S.C. § 2461(c))

GARAUFIS, J.
MERKL, M.J.

THE GRAND JURY CHARGES:

## COUNT ONE
(Felon in Possession of a Firearm and Ammunition)

1.  On or about April 27, 2022, within the Eastern District of New York and elsewhere, the defendant STEVEN MOLINARO, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm and ammunition, to wit: one black Ruger 9mm semi-automatic pistol bearing serial number 459-81244 and two 9mm Luger cartridges.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT TWO
(Attempted Obstruction of Justice)

2.  On or about April 27, 2022, within the Eastern District of New York and elsewhere, the defendant STEVEN MOLINARO did knowingly and intentionally attempt to corruptly alter, destroy, mutilate and conceal a record, document and other object, to wit: one black Ruger 9mm semi-automatic pistol bearing serial number 459-81244, with the intent to

impair the object's integrity and availability for use in an official proceeding, to wit: a proceeding before a federal grand jury in the Eastern District of New York.

(Title 18, United States Code, Sections 1512(c)(1) and 3551 et seq.)

## COUNT THREE
(Conspiracy to Distribute and Possess with Intent to Distribute Marijuana)

3. On or about April 27, 2022, within the Eastern District of New York and elsewhere, the defendant STEVEN MOLINARO, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

4. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924, including but not limited to one black Ruger 9mm semi-automatic pistol bearing serial number 459-81244 and two 9mm Luger cartridges, seized on or about April 27, 2022 in Staten Island, New York.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

6. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT THREE

8.    The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

9.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_____
FOREPERSON

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By: *Carolyn Pokorny*
_____
Assistant U.S. Attorney

F.#: 2022R00514

FORM DBD-34
JUN. 85

No. 

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

STEVEN MOLINARO,

                Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2), 924(d)(1), 981(a)(1)(C), 1512(c)(1) and 3551 et seq.; T. 21, U.S.C., §§ 841(b)(1)(D), 846, 853(a) and 853(p); T. 28, U.S.C. § 2461(c))

*A true bill.*

_____

                                            *Foreperson*

*Filed in open court this _____ day,*

*of _____ A.D. 20 _____*

_____
                                               *Clerk*

*Bail, $ _____*

*Nina C. Gupta, Assistant U.S. Attorney (718) 254-6257*